**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DOUGLAS W. TAYLOR, # R-69710,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-122-JPG** |
| | ) | |
| **ILLINOIS DEPARTMENT of** | ) | |
| **CORRECTIONS, MARK HODGE,** | ) | |
| **and LAWRENCE C.C. HEALTH CARE** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is serving two six-year sentences for criminal sexual assault, and a four-year sentence for criminal sexual abuse. Plaintiff claims that Defendants have delayed providing him with necessary medical care for well over a year.

More specifically, Plaintiff claims that he suffers from severe migraines, headaches, and pressure in his eyes (Doc. 1, p. 6). He first requested to see an optometrist in early June 2012. Approximately one year later, Doctor Coe (a physician at Lawrence, who is not a named Defendant) wrote a referral for Plaintiff to see an optometrist at the prison. Months passed without this appointment being scheduled. Plaintiff wrote a grievance on September 11, 2013, and got a response stating that he was scheduled for the eye exam that month. Dr. Coe increased Plaintiff's medication on September 19, 2013, because his migraines were getting worse, but no optometrist visit took place.

On November 7, 2013, Plaintiff filed another grievance over the delay.  This time, he was told that he was on the schedule for the optometrist, but his appointment had been pushed back due to the needs of other inmates and the fact the optometrist is at Lawrence only once a week for ten hours.  Plaintiff was tentatively scheduled for November 12, 2013, but again, he was not seen on that date.

Upon submitting the instant complaint on January 28, 2014, Plaintiff still had not had an examination by the optometrist (Doc. 1-6).  His migraines are so severe that they sometimes cause him to vomit.  His vision is poor, and he suffers from intense pain in and behind his eyes, which worsens when he tries to focus his eyes to see (Doc. 1-5, p. 2).

Plaintiff asserts that by delaying his doctor-recommended optometrist consultation, Defendants have violated his constitutional rights, as well as his rights under the ADA (Americans with Disabilities Act) and Rehabilitation Act (Doc. 1, p. 6).  He requests an order requiring Defendants to schedule him for an optometrist exam as soon as possible.  He also seeks damages for his pain and suffering (Doc. 1, p. 7).

**<u>Merits Review Pursuant to 28 U.S.C. § 1915A</u>**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Plaintiff has articulated three distinct causes of action.  The constitutional claim for deliberate indifference to a serious medical need, in violation of the Eighth Amendment, shall be designated as **Count 1**.  The two statutory claims, for violation of the Americans with Disabilities Act and violation of the Rehabilitation Act shall be collectively designated as **Count 2**, for reasons that shall be explained below.

**<u>Count 1 – Eighth Amendment</u>**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *see also Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")).

Plaintiff's claim alleges a significant delay in providing treatment by an optometrist, which has arguably prolonged his suffering. The prison doctor (Dr. Coe) recognized that Plaintiff suffered from a serious condition that required attention from this specialist, thus meeting the objective prong of a deliberate indifference claim. The problem with Plaintiff's

complaint is that he has failed to identify by name any prison official who was responsible for the delay in providing the prescribed examination.  Although he does include Lawrence Warden Hodge as a Defendant, Plaintiff makes no factual allegations whatsoever against him in the body of the complaint.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  There is no indication that Defendant Hodge did so; thus, Plaintiff fails to state an Eighth Amendment claim against him.

Naming the "Lawrence C.C. Health Care Department" as a Defendant in a civil rights case does not suffice.  Only a *person* can be held liable for civil rights violations under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983");  *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).  The Lawrence Correctional Center is a division of the Illinois Department of Corrections, a state government agency.  Likewise, any internal department of Lawrence is a subdivision of the agency.  None of these entities is a "person" within the meaning of the Civil Rights Act, and they are not subject to a § 1983 suit for damages. *See Will*, 491 U.S. at 71.

An agency can, however, be subject to an injunction, which is one of the remedies sought by Plaintiff herein.  Defendant Warden Hodge is the appropriate party to implement any relief to which Plaintiff might ultimately be entitled during his incarceration at Lawrence.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief

is the government official responsible for ensuring any injunctive relief is carried out). Furthermore, Plaintiff may direct discovery requests to Defendant Hodge if there is a need to identify those individuals who may have been directly responsible for any violation of Plaintiff's constitutional rights.  *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 n.3 (7th Cir. 1996) (collecting cases).  For these reasons, Defendant Hodge shall remain in the action and shall be served with the complaint.

However, the complaint as pled fails to indicate that Defendant Hodge (or any other individual) was personally involved in, or even aware of, the delay in medical care for Plaintiff's serious condition.  *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (there is no supervisory liability in a § 1983 action).  The Seventh Circuit instructs that in order to maintain a claim for deliberate indifference in the denial or delay of medical care, a plaintiff must show that a defendant had actual knowledge of, or reckless disregard for, a substantial risk of harm.  *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").  Therefore, in order to avoid dismissal of his claim for deliberate indifference over the denial/delay in medical care, Plaintiff shall be required to amend his complaint to identify by name the medical providers who caused this denial/delay.  Failure to identify the responsible parties in an amended complaint may result in the dismissal of this action.  Any deadline for the submission of an amended complaint shall be set by the United States Magistrate Judge.

To summarize, **Count 1** shall receive further review at this time only as to Plaintiff's request for injunctive relief.  Defendant Illinois Department of Corrections shall be dismissed from Count 1, and Defendant Lawrence C.C. Health Care Department shall be dismissed from

the action.  If Plaintiff wishes to pursue his claim for damages in relation to Count 1, he must

first amend his complaint to identify the parties whom he alleges were personally involved in the

constitutional deprivation.  This information will also be necessary in order to determine whether

injunctive relief is warranted.

## Count 2 – Americans With Disabilities Act and Rehabilitation Act

Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*,

provides that "no qualified individual with a disability shall, because of that disability. . . be

denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity."  42 U.S.C. § 12132.  Likewise, the Rehabilitation Act, 29

U.S.C. § 794 *et seq.*, prohibits discrimination by entities receiving federal funding (such as state

prisons), against qualified individuals on account of their disability.  The availability of

injunctive relief under these two statutes is coextensive.  *Jaros v. Illinois Dept. of

Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (comparing 29 U.S.C. § 794A with 42 U.S.C.

§ 12117, both of which incorporate 42 U.S.C. § 2000e–5 for private right of action; and citing

*Barnes v. Gorman*, 536 U.S. 181, 189 & n. 3 (2002); *Morris v. Rumsfeld*, 420 F.3d 287, 290 (3d

Cir. 2005); *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 845 n. 6 (7th Cir.

1999)).  A claim for damages under Title II of the ADA may also be available, at least when the

state actor's conduct also violates the Eighth Amendment.  *U.S. v. Georgia*, 546 U.S. 151 (2006)

(when the challenged conduct violates the ADA but not the Constitution, courts should make a

claim-by-claim determination of whether sovereign immunity has been abrogated).

The threshold question in either an ADA or Rehabilitation Act claim, however, is

whether the plaintiff is a "qualified individual with a disability" who has suffered discrimination

on account of that disabling condition.  Plaintiff's complaint, even liberally construed, fails to

allege that he suffers from a "disability" as defined in the ADA – "a physical or mental impairment that substantially limits one or more major life activities[,]" such as caring for oneself, seeing,[1] hearing, walking, communicating, thinking, or working.  42 U.S.C. § 12102(1)(A); (2)(A).  More to the point, Plaintiff does not even remotely suggest that he was denied medical attention *because* of an actual or perceived disability.  42 U.S.C. § 12132; 29 U.S.C. § 794; *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996).  As such, both the ADA and Rehabilitation Act claims must fail.

In contrast to the constitutional claim in Count 1, a prisoner must bring an ADA or Rehabilitation Act claim against the responsible state agency, or against its director in his/her official capacity, rather than against an individual employee.  *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).  If the complaint had stated a cognizable claim under the ADA or Rehabilitation Act, the Illinois Department of Corrections would have been the proper Defendant.  However, for the above reasons, Plaintiff has failed to state a claim upon which relief may be granted under either of these statutes, and Count 2 is accordingly subject to dismissal with prejudice.  Because no claim has been stated against Defendant Illinois Department of Corrections in Count 1 either, this Defendant shall be dismissed from the action.

**Disposition**

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **ILLINOIS DEPARTMENT of CORRECTIONS** and **LAWRENCE C.C. HEALTH CARE DEPARTMENT** are **DISMISSED** from this action with prejudice.

---

[1] While Plaintiff states he has poor eyesight, his exhibits indicate that he may merely need glasses (Docs. 1-2; 1-3, p. 1).  Under the ADA, a vision problem that may be corrected with ordinary eyeglasses does not rise to the level of a "disability."  42 U.S.C. § 12102(4)(E)(i)(I).  The Rehabilitation Act defines an "individual with a disability" in 29 U.S.C. § 705(20); Plaintiff has likewise failed to suggest he is disabled within the meaning of that statute.

In order to assist Plaintiff in preparing an amended complaint to name the prison officials responsible for the deliberate indifference alleged in **COUNT 1**, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.  Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the amended complaint must stand on its own, without reference to any other pleading.  An amended complaint that does not conform to these requirements may be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with his amended complaint.

The Clerk of Court shall prepare for Defendant **HODGE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

       **IT IS SO ORDERED.**

       **DATED: February 26, 2014**

<u>*s/ J. Phil Gilbert*</u>
United States District Judge