IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS W. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-122-NJR-DGW |
| | ) |
| MARC HODGE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Amended Complaint submitted by Plaintiff, Douglas W. Taylor, on April 11, 2014 (Doc. 28).

## BACKGROUND

Plaintiff filed his original Complaint on February 3, 2014, pursuant to 42 U.S.C. § 1983, alleging that he has been deprived medical care beginning in June 2012 with respect to migraines, headaches, and pressure in his eyes while incarcerated at the Lawrence Correctional Center ("Lawrence"). In an Order dated February 26, 2014 (Doc. 5), Plaintiff's claims were screened pursuant to 28 U.S.C. §1915A, and he was permitted to proceed on one count for injunctive relief–that he be seen by an optometrist–against Defendant Marc Hodge, the Warden of Lawrence. Plaintiff was informed that if he seeks monetary damages with respect to an Eighth Amendment claim for deliberate indifference, he must file an amended complaint naming a particular person who deprived him of his constitutional rights.

Plaintiff's additional claim, that his statutory rights pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act (RA), 29 U.S.C. § 794, *et seq.*, was dismissed with prejudice because Plaintiff failed to indicate that he was a qualified individual with a disability who was discriminated against on account of that disability. Thus, Plaintiff only proceeds on one count for injunctive relief against Marc Hodge, the Warden of Lawrence, and he has been directed to file an amended complaint naming an individual if he seeks money damages.

Plaintiff now seeks to amend his complaint in order to reinstate his ADA and RA claims. In his motion, he states that he has suffered from Post-Traumatic Stress Disorder (PTSD) for the past 13 years for which he is prescribed psychotropic medication. He states that this condition affects his ability to sleep, talk, concentrate, work, and communicate. Plaintiff claims that because of his eye pain and migraines, he is limited in the activities that he can do at the jail, such as eat, go to the gym, and participate in group therapy. Further, Plaintiff claims that his PTSD constitutes a disabling condition that would satisfy the ADA and RA (designated as **Count 2** previously).

Plaintiff's proposed amended complaint also seeks to add seven new defendants: the Illinois Department of Corrections (IDOC), Wexford Health Sources, Inc. (Wexford), Phil Martin, Nancy Padgett, Dr. Hohenberry, Brandon Reis, and S.A. Godinez. Plaintiff alleges that his medical conditions cause him to vomit, lose sleep, and sometimes faint from the pain. He further indicates that these conditions affect his ability to participate in activities at the jail including group therapy related to his PTSD. He alleges that the

"Health Care Unit" is aware of his conditions and complaints. He first sought care for his migraines and eye pain on June 7, 2012, by requesting to be seen by an optometrist. Plaintiff was seen by Dr. Coe, who is not listed as a Defendant, a year later on June 4, 2013, September 11, 2013, and September 19, 2013. Plaintiff alleges that Dr. Coe ordered that he be seen by an optometrist; however, as of the date of the proposed amended complaint, Plaintiff has not been examined by an optometrist.

Plaintiff alleges that Wexford violated his rights under the ADA and the RA by failing to treat his medical needs, acted with deliberate indifference for failing to act on Dr. Coe's orders to see an optometrist and for failing to ensure that he be seen by a specialist, and has been "grossly negligent" in supervising its employees (designated as **Count 3**). Plaintiff also takes issue with Wexford's staffing: "2200 inmates, the optometrist only visits once per week for 10 hours is unexceptable [sic]." Further, Plaintiff notes that for 22 months he has requested multiple times to see an optometrist through Wexford's own procedures to no avail.

Plaintiff alleges that Director Godinez and Warden Hodge have essentially failed to adequately supervise the employees at Lawrence and have allowed unconstitutional practices to continue (designated as **Count 4**). Plaintiff states that they are aware of the problems because he has sent many letters to "Springfield, IL" complaining of these issues. Plaintiff also claims that the IDOC violated the ADA and the RA by failing to allow access to services and group therapy, which Plaintiff cannot attend due to his eye condition (designated as **Count 5**).

Plaintiff alleges that Phil Martin, the Healthcare Administrator at Lawrence, was deliberately indifferent to his medical needs and failed to adequately supervise his employees (designated as **Count 6**). Plaintiff does not allege that Martin was personally involved in his medical treatments. Plaintiff alleges that Brandon Reis serves as the Clinical Services Counselor and that his duties include screening grievances filed against the Healthcare Unit. Plaintiff alleges that Reis knew of his grievances and should have acted to resolve Plaintiff's issues with the Healthcare Unit (designated as **Count 7**). Plaintiff further alleges that Nancy Padgett, a Staff Assistant, responded to one of his grievances and failed to ensure that he was seen by an optometrist (designated as **Count 8**).

Finally, Plaintiff alleges that Dr. Hohenberry, the optometrist assigned to Lawrence, was deliberately indifferent to his medical needs by ignoring his requests to be seen for 22 months. Plaintiff indicates that when he was called to see Dr. Hohenberry on October 22, 2013, the Doctor stated "oh that cry baby, he can wait" and affirmatively refused to examine Plaintiff (designated as **Count 1**). There is no indication in the proposed amended complaint that Plaintiff has been seen by the optometrist.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(1) permits the Plaintiff to file an amended complaint "as a matter of course" within 21 days of service or the filing of an Answer. Plaintiff filed his amended complaint along with a motion prior to the filing of an answer. On January 8, 2015, the motion to amend was found to be moot, and this

matter was stayed pending a screening of the amended complaint pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to conduct a threshold review to determine whether Plaintiff has presented cognizable claims and whether any part of the pleading should be dismissed for failure to state a claim.

In light of the allegations made in the proposed amended complaint, Plaintiff has stated the following cognizable claims, which shall be used in future pleadings and orders:

**Count 1:** Deliberate indifference to a serious medical need against Defendant Dr. Hohenberry for failing to treat Plaintiff's eye condition from June 7, 2012, to the present.

**Count 3:** Deliberate indifference to a serious medical need against Wexford Health Sources, Inc., for maintaining unconstitutional practices of policies with respect to staffing the optometrist position and procedures for requesting medical care.

Count 1 already has been permitted to proceed in this Court's previous screening order. As to Count 3, a corporation may be liable for violating an inmate's constitutional rights by maintaining a policy or practice that causes the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). In this case, Plaintiff alleges that Wexford's policies regarding how to request medical care and its policies with respect to staffing the optometrist position caused the violation outlined in Count 1 (deliberate indifference to his medical needs).[1]

---

[1] The proposed amended complaint also alleges that Godinez, Hodge, and the IDOC had the power to "implament policys, enforce policys, and has the power to act on behalf of the inmates to protect them from any Constitutional violations, and the duty to act [sic]." While such an allegation may implicate the same policy and practice claim that is leveled against Wexford, it is

The remainder of Plaintiff's claims are **DISMISSED with prejudice**. Plaintiff's claims pursuant to the ADA and the RA fail as a matter of law (**Counts 2** and **5**). As indicated in the Court's Screening Order, dated February 26, 2014:

> The threshold question in either an ADA or Rehabilitation Act claim, however, is whether the plaintiff is a 'qualified individual with a disability' who has suffered discrimination on account of that disabling condition."

In his motion, Plaintiff suggests that his PTSD is a disabling condition within the meaning of the ADA and the RA. In his proposed amended complaint, Plaintiff further claims that his vision impairment and migraines are a disability because they limit his participation in various activities. Even if Plaintiff's PTSD and eye pain/migraines are disabling conditions, Plaintiff still has not even remotely suggested in his proposed amended pleading that he is being discriminated against *on account of or because of* his alleged disability. Rather, Plaintiff indicates that his requests for an eye examination have been ignored or flat-out refused.

Plaintiff further claims that Wexford, Godinez, Hodge, Martin, Padgett, and the IDOC failed to supervise its employees, failed to respond to grievances, were negligent, or failed to do their jobs. As indicated by the Seventh Circuit Court of Appeals in another § 1983 case involving deliberate indifference to a serious medical need, "[t]he

---

clear that Plaintiff's claims against these administrative defendants are solely related to his medical care. Plaintiff represents that he was being seen by medical providers, in particular Dr. Coe, who recommended that he be seen by the optometrist. Plaintiff also represents that he was scheduled to see the optometrist, but that his appointment was cancelled. Administrative personnel are entitled to rely on the judgment of medical providers as long as the Plaintiff's complaints were not wholly ignored. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The proposed amended complaint represents that medical personnel were aware of his condition and that they responded, just not in a manner that Plaintiff believes is constitutional. It is also clear that Plaintiff alleges that it is Wexford's policies and procedures that led to the denial of medical care.

assumption underlying this choice of defendants–that anyone who knew or should have known of his eye condition, and everyone higher up the bureaucratic chain, must be liable–is a bad one.  Section 1983 does not establish a system of vicarious responsibility."  *Burks v. Raemisch*, 555 F.3d 592,593 (7th Cir. 2009).  Plaintiff has not alleged that any of these Defendants were personally responsible for medical decisions or that they played a role in the denial of medical care.  Rather, Plaintiff contends that they should have known about his serious medical needs and that they therefore should have acted to secure medical treatment.  Such a claim, as well as any allegations of negligence, cannot be the subject of a section 1983 action.  Additionally, there can be no independent constitutional claim regarding a failure to respond to Plaintiff's grievances.  *See Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (finding that "the law is well-settled that state-created procedure rights do not, standing alone, constitute protected liberty interests").

## CONCLUSION

For the reasons set forth above, Plaintiff may proceed on the following claims:

**Count 1:**   Deliberate indifference to a serious medical need against Defendant Dr. Hohenberry for failing to treat Plaintiff's eye condition from June 7, 2012, to the present.

**Count 3:**   Deliberate indifference to a serious medical need against Wexford Health Sources, Inc., and the IDOC for maintaining unconstitutional practices of policies with respect to staffing the optometrist position and procedures for requesting medical care.

Defendant Hodge also shall remain a Defendant in order to perfect any injunctive relief.

Counts 2, 4, 5, 6, 7, and 8 are **DISMISSED with prejudice**.  Defendants Dr. Phil Martin,

Nancy Padgett, Brandon Reis, S.A. Godinez, and the IDOC are hereby **DISMISSED with prejudice**.

The Clerk of Court shall prepare for **Defendants Dr. Hohenberry and Wexford Health Sources, Inc.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms and copies of the amended complaint [28] and this Memorandum and Order to Defendant's places of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS SO ORDERED.**

**DATED:  June 9, 2015**

>                               s/ Nancy J. Rosenstengel
>                               **NANCY J. ROSENSTENGEL**
>                               **United States District Judge**