IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS W. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-122-NJR-DGW |
| MARC HODGE, WEXFORD HEALTH SOURCES, INC., and DR. HOHENBERRY, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Amend filed by Plaintiff on July 29, 2015 (Doc. 49) and the Motion to Voluntarily Dismiss and Stay filed by Plaintiff on September 21, 2015 (Doc. 59). The Motion to Amend is **GRANTED IN PART** and the Motion to Voluntarily Dismiss is **MOOT**.

In an Order dated June 9, 2015, Plaintiff was permitted to proceed on two Counts:[1]

Count 1: Deliberate indifference to a serious medical need against Defendant Dr. Hohenberry for failing to treat Plaintiff's eye condition from June 7, 2012, to the present.

Count 3: Deliberate indifference to a serious medical need against Wexford Health Sources, Inc., and the IDOC for maintaining unconstitutional practices of policies with respect to staffing the optometrist position and procedures for requesting medical care.

Plaintiff now seeks to amend his Complaint in order to add another Defendant, Dr. John Coe, and to dismiss Defendant Marc Hodge. No Defendant has failed a response to the Motion to Amend.

Plaintiff's proposed Second Amended Complaint asserts the same factual claims as his Amended Complaint: he alleges that he was denied care for his eyes since June 7, 2012 and that the

---

[1] Count 2 was an Americans with Disabilities Act and Rehabilitation Act claim that was dismissed on February 26, 2014 (Doc. 5).

optometrist position at the Lawrence Correctional Center is woefully inadequate. Plaintiff further alleges the Dr. John Coe failed to adequately treat his complaints of pain and otherwise disregarded his complaints. First he alleges that he began sending in requests for care on June 7, 2012. When he did see Dr. Coe on June 4, 2013, he referred Plaintiff to an optometrist. He saw Dr. Coe again on September 19, 2013, again after submitting numerous slips for healthcare, and informed him of his decreasing vision and increasing pain. Plaintiff states that Dr. Coe merely notated that he was still waiting to see the optometrist and provided no meaningful relief. Despite numerous intervening requests for healthcare, he saw Dr. Coe again on February 20, 2014 who did not examine him and only provided ineffective medication.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiff sets forth four counts that appear to mix the allegations against each Defendant. Plaintiff also has not set forth the above Counts 1 and 3 as such. In order to clarify the claims, the Court finds that Plaintiff is alleging the following Counts:

> Count 1: Deliberate indifference to a serious medical need against Defendant Dr. Hohenberry for failing to treat Plaintiff's eye condition from June 7, 2012, to the present.
>
> Count 3: Deliberate indifference to a serious medical need against Wexford Health Sources, Inc., for maintaining unconstitutional practices of policies with respect to staffing the optometrist position and procedures for requesting medical care.
>
> Count 4: Deliberate indifference to a serious medical need against Defendant Dr. John Coe for failing to treat Plaintiff's eye condition from June 7, 2012, to the present.
>
> Count 5: Failure to intervene against Defendant Dr. John Coe for failing to prevent harm related to his eye condition caused by Dr. Hohenberry's deliberate indifference.

To the extent that Plaintiff is alleging supervisory liability or any other claim previously dismissed (with prejudice), such claims shall not proceed in this matter. To the extent that Plaintiff purports to assert claims on behalf of other inmates, such claims shall not proceed in this matter. To the extent that Plaintiff is alleging a conspiracy claim, such a claim will not proceed in this matter. Besides setting forth the elements of a conspiracy, Plaintiff has not provided any factual detail that would render such a claim plausible. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. Plaintiff's conspiracy claim is just such a speculative claim that shall not proceed in this matter.

In light of the foregoing, the Clerk of Court is **DIRECTED** to file Plaintiff's Second Amended Complaint forthwith. By operation of the Second Amended Complaint, Defendant Marc Hodge is **dismissed.** The Clerk of Court shall prepare for **Defendant DR. JOHN COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summon) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Order to Defendant's places of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

For the foregoing reasons, the Motion to Amend filed by Plaintiff on July 29, 2015 (Doc. 49) is **GRANTED IN PART** and the Motion to Voluntarily Dismiss and Stay filed by Plaintiff on September 21, 2015 (Doc. 59) is **MOOT**.

**IT IS SO ORDERED.**

**DATED: October 14, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**