IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS W. TAYLOR, #R69710 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-122-NJR-DGW |
| ) | |
| WEXFORD HEALTH SOURCES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, defendant, Wexford Health Sources, Inc. has been ordered to produce materials in connection with this lawsuit, which this defendant considers to be highly confidential and privileged;

IT IS HEREBY STIPULATED AND AGREED, by and between Wexford Health Sources, Inc. and the named parties, and ordered by this Honorable Court, that a Protective Order be entered pursuant to Fed.R.Civ.Proc. 26(c) as follows:

**DEFINITIONS**

(a) "Protected Material" shall mean privileged material, trade secret or confidential research, development, or commercial information or proprietary business information or personal medical information, not publicly available, including but not limited to:

(1) Policies and procedures of Wexford Health Source, Inc.;

(2) Monthly Primary Medical Service Reports.

(b) "Qualified Person" as used herein means:

(1) Counsel of Record for the parties in this litigation, and any attorneys, paralegals, legal secretaries or other support staff who are regularly employed by, or associated with, the office of a Counsel of Record, who have received specific authority

from that Counsel of Record to view documents or other information designated as "Protected Material" for purposes of this litigation;

    (2)    Actual or potential independent experts or consultants retained by any party to this litigation. Such experts or consultants will sign, prior to reviewing any Protected Material, a "Written Assurance" form attached as Exhibit "A". The original version of each such signed "Written Assurance" shall be maintained by the counsel who retained the expert for production to opposing counsel upon good cause shown. The parties agree that this section is not intended, and may not be used, to circumvent any disclosure rules concerning opinion witnesses, trial witnesses, expert witnesses or consultants;

    (3)    Parties (Plaintiff and named Defendants);

    (4)    Witnesses whose depositions are properly noticed and conducted in this litigation and who are likely to have discoverable information about such documents;

    (5)    The Court, the Court Reporter and the Court's secretarial and clerical staff as evidence at trial or in support of motions or oral argument;

    (6)    Any other person may be designated as a "Qualified Person" by Order of this Court, after notice and hearing.

## STIPULATED TERMS

1.    All Protected Material shall be governed by the provisions of this Protective Order.

2.    Protected Material shall be designated as confidential at the time the document or information is produced. Any such document shall be marked "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO A PROTECTIVE ORDER."

3.    Production of Protected Material that is, inadvertently, not marked "CONFIDENTIAL" shall not result in a waiver of confidentiality and shall not except it from the

provisions of this Protective Order. In the event of an inadvertent failure to designate something as "CONFIDENTIAL," the producing party shall notify the receiving party of the error within a reasonable time of its discovery.

   4.  A party shall only designate materials as "CONFIDENTIAL" if the designating party has a good faith belief that the material contains Protected Material. Each party shall maintain the right to challenge any designation of a document as "CONFIDENTIAL," with said determination to be made by the Court maintaining jurisdiction over this matter. If any party chooses to challenge any designation, counsel of record for the challenging party shall maintain the confidentiality of the challenged materials in accordance with this Confidentiality Stipulation and Protective Order until such time as the Court determines that the materials are not to be governed by the Confidentiality Stipulation and Protective Order provisions.

   5.  Protected Material and the information contained therein shall not be disclosed or made available to persons other than Qualified Persons, except as stated in this paragraph. Protected Material shall be restricted in circulation to Qualified Persons described in the Definitions section of this document.

   6.  Each party's outside counsel shall maintain a log of all copies of Protected Material which are delivered to any one or more Qualified Persons outside the office of the counsel of record, as described in the Definitions section of this document, or to independent copy services.

   7.  Nothing herein shall prevent disclosure outside the terms of the Protective Order if each party designating the information as Protected Material consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

   8.  Nothing in this Protective Order shall be construed as preventing or prohibiting a party from seeking additional protection from the Court against disclosure of classified information,

including an order that such information may not be disclosed, or that it may be disclosed only in a designated way.

9. In the event a party wishes to use any Protected Material in any affidavits, briefs, memoranda of law or other papers filed with the Court in this litigation, such filing shall state that Protected Material is included.

10. No person to whom any Protected Material is disclosed may use, exchange, loan or in any manner disclose the Protected Material to anyone beyond the provisions of this Order.

11. Prior to disclosure of Protected Material to any independent expert or consultant, counsel for party wishing to provide Protected Materials to said experts or consultants shall serve on said experts or consultants a copy of this Protective Order.

12. Any Qualified Person who receives Protected Materials must agree to be bound by the terms of this Protective Order, and those Qualified Persons outside the office of counsel of record who receive Protected Materials shall execute a Written Assurance, the form of which is attached hereto, to be retained by the party's counsel.

13. If a person to whom Protected Materials are provided is retained as an expert and is to submit a report and/or provide testimony, a copy of the Written Assurance signed by said person shall be delivered to counsel for defendants if requested concurrently with the person's report, or within ten (10) days prior to the deposition, whichever is earlier. Either party, after Judgment is entered and all appeals have been exhausted and/or the matter dismissed with prejudice, shall have the right, by notice to counsel for the parties, to request the names of all retained experts, non-retained experts, and/or consultants to whom the Protected Materials were disclosed regardless of whether such individuals actually were identified as experts and/or consultants during formal disclosure of expert witnesses in the action.

14. During the course of a deposition or within thirty (30) days after receipt of the transcript, counsel for a party may designate a transcript, or any portion thereof, taken at any deposition or otherwise, as Confidential, so long as the testimony refers to or relates to any of the Confidential materials produced or made available for inspection.

15. After the final termination of this action, the provisions hereof relating to the secrecy and confidentiality of the Protected Material and information contained therein shall continue to be binding.

16. Within sixty (60) days of final adjudication of this litigation, or any appeal thereof, all Protected Materials in the possession of any Qualified Person, other than Counsel of Record, shall be returned to the Counsel of Record for the party which produced the Protected Materials to said Qualified Person.

17. In the event Protected Materials designated as "CONFIDENTIAL" are deposited with the Court, they shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the style of this action, the words "CONFIDENTIAL," and a statement substantially in the following form:

> "THIS ENVELOPE CONTAINS CONFIDENTIAL AND PROPRIETARY MATERIALS SUBJECT TO PROTECTION UNDER A STANDING ORDER OF THE COURT, AND MUST NOT BE SHOWN TO ANYONE OTHER THAN THE COURT, PERSONS ASSISTING THE COURT, THE ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE, OR PERSONS ASSISTING THOSE ATTORNEYS."

18. This Order may be modified by further Order of this Court or by agreement of counsel for the parties, provided that any such agreement is memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in this action.

19. This Order shall be without prejudice to the right of any party to contest the admissibility of the Protected Material. Nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidence.

20. The parties and any other persons subject to the terms of this Protective Order agree that this Court shall have and shall retain, after this action is terminated, jurisdiction over it and them for the purpose of enforcing or modifying this Protective Order.

21. Protected Materials may not be used in subsequent litigations by any party.

22. The parties further agree and stipulate that this Agreed Confidentiality Stipulation and Protective Order may be executed in counter-parts by counsel for the parties and maintain its full and binding force and effect.

**IT IS SO ORDERED.**

**DATED: January 21, 2016**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**

_____
Kevin J. Adrian #6257347
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400
(314) 421-3128-FAX
kadrian@bjpc.com
*Attys. for Deft. Wexford Health Sources, Inc.*

_____
Douglas W. Taylor, #R69710
Lawrence Correctional Center
10930 Lawrence Road
Sumner, Illinois 62466

\_\_\_**DISMISSED**_____
Matthew Tamul
IL Attorney General's Office
500 South Second Street
Springfield, Illinois 62706
mtamul@atg.state.il.us
*Attorney for Deft. Hodge*

_____
Scott D. Stephenson
Steven M. Brandstedt
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, Illinois 60606
Stephenson@litchfieldcavo.com
brandstedt@litchfieldcavo.com
*Attorneys for Dr. Hohenbary*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS W. TAYLOR, #R69710 )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>WEXFORD HEALTH SOURCES, INC., et al., )<br>)<br>    Defendants. ) | Case No. 14-cv-122-NJR-DGW |

**EXHIBIT "A" TO PROTECTIVE ORDER**
**"WRITTEN ASSURANCE"**

_____ being first duly sworn, deposes and says:

1.I have been requested by (Plaintiffs or Defendants), through counsel, to inspect certain material which is confidential within the terms of the Protective Order issued by the Court in the above entitled action, for the purpose of assisting counsel in the action;

2.I have read the Protective Order of _____, 20\_\_\_ entered in this matter, and I agree to be bound by it in the same way that the parties are bound; and

3.I hereby agree to submit to the jurisdiction of the Circuit Court of St. Clair County, State of Illinois, for enforcement of the undertakings I have made here.

_____

Subscribed and sworn to before me this _____ day of _____, 20\_\_.

_____
Notary Public