## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DOUGLAS W. TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:14-CV-122-NJR-DGW** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **PHIL MARTIN, and DR. JOHN COE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion for Summary Judgment on the Issue

of Exhaustion of Administrative Remedies filed by Defendant Phil Martin on September

9, 2016 (Doc. 116).

### INTRODUCTION

Plaintiff, Douglas Taylor, and inmate in the Illinois Department of Corrections

currently housed at Lawrence Correctional Center, is proceeding on his Third Amended

Complaint filed on June 17, 2016 (Doc. 102), in which he makes the following claims:

**Count 3**:    Deliberate indifference to a serious medical need against Wexford Health Sources, Inc., for maintaining unconstitutional practices or policies with respect to staffing the optometrist position and procedures for requesting medical care.

**Count 4:**    Deliberate indifference to a serious medical need against Defendant Dr. John Coe for failing to treat Plaintiff's eye condition from June 7, 2012, to the present.

**Count 5:**     Failure to intervene against Defendant Dr. John Coe for failing to prevent harm related to his eye condition caused by Dr. Hohenbary's[1]  deliberate indifference.

**Count 6**:     Deliberate indifference to a serious medical need against Defendant Phil Martin for failing to treat Plaintiff's eye condition and/or by delaying treatment.

(Doc. 105).

In a Report and Recommendation, Magistrate Judge Donald G. Wilkerson found that Plaintiff had exhausted his administrative remedies as to Defendants Wexford Health Sources, Inc., Dr. Coe, and Dr. Hohenbary (who has since been dismissed) (Doc. 103). Specifically, Magistrate Judge Wilkerson found that Plaintiff had submitted grievances on September 11, 2013, and November 7, 2013, related to the claims in this case. Magistrate Judge Wilkerson further found that the administrative process was rendered unavailable and that Plaintiff was deemed to have exhausted his administrative remedies. Magistrate Judge Wilkerson did not address whether the grievances were adequate or timely, or whether the content of the grievances sufficiently complied with the Illinois Administrative Code, because those arguments were not made by the moving Defendants.[2] Defendant Martin now makes those arguments to this Court.

Both parties have adopted the factual findings of Magistrate Judge Wilkerson. As such, there are no factual disputes that would require a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Defendant Martin argues that neither grievance filed

---

[1] Count 1 alleged a deliberate indifference claim against Dr. Hohenbary. Dr. Hohenbary has since been dismissed from this suit (Doc. 121).

[2] This Court adopted the Report and Recommendation on July 11, 2016 (Doc. 105) after no objections were filed.

by Plaintiff provided the necessary information required by the Illinois Administrative Code.

## BACKGROUND

In the September 11 grievance (Doc. 79, pp. 39-40), Plaintiff stated that he had been waiting more than 17 months to have his eyes checked. As a result, he was suffering from daily migraines that intensified when he attempted to focus his eyes on blurry objects. He noted that his doctor told him to have his eyes checked as soon as possible, but his requests to health care for an appointment were ignored. He requested that his eyes be checked in a timely manner and that he obtain glasses, if necessary. Plaintiff did not name any particular person in this grievance. His counselor responded by indicating that he was scheduled to see the optometrist that month.

The November 7 grievance likewise did not name any particular person (*Id.* 41-42). It stated that, notwithstanding the response to the September 11 grievance, Plaintiff still had not been seen by the optometrist. Plaintiff requested an investigation into the matter, to be seen by the optometrist, and money damages. In response, the counselor indicated that his previous appointment had been cancelled due to "more emergent eye exams or due to follow-up exams" and that his next appointment, on November 12, 2013, was "not a guarantee."

Again, as indicated above, neither party disagrees with the finding that the administrative process was rendered unavailable as to these grievances and that Plaintiff is deemed to have fully exhausted his administrative remedies.

## DISCUSSION

The Supreme Court has interpreted the Prison Litigation Reform Act to require

"proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This

means "using all steps that the agency holds out, and doing so properly (so that the

agency addresses the issues on the merits)." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286

F.3d 1022, 1024 (7th Cir. 2002)). The Illinois Administrative Code sets forth what must be

included in a grievance:

> The grievance shall contain factual details regarding each aspect of the
> offender's complaint, including what happened, when, where, and the
> name of each person who is the subject of or who is otherwise involved in
> the complaint. This provision does not preclude an offender from filing a
> grievance when the names of individuals are not known, but the offender
> must include as much descriptive information about the individual as
> possible.

ILL. ADMIN. CODE TIT. 20, § 504.810(b). The actual forms used by Plaintiff, however, only

ask for a "[b]rief summary of grievance." That is, they do not instruct an inmate to set

forth the name of the person involved.

In *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011), the Seventh Circuit addressed a

similar circumstance: the defendants argued a grievance filed was insufficient because it

failed to name or describe the wrongdoers. The Seventh Circuit rejected the argument,

finding that the grievance form only asked for a brief description, the prison responded

to the grievance on the merits, and the grievance sufficiently notified the prison of the

complaint. *Id.* at 721-22. In particular, the Court stated that the failure to name a

defendant "was a mere technical defect that had no effect on the process and didn't limit

the usefulness of the exhaustion requirement." *Id.* at 722.

In this case, Plaintiff alleges that he wrote many letters to Defendant Martin seeking eye care but that Defendant Martin ignored his letters. It appears undisputed that Martin was the Health Care Unit Administrator.[3] When Plaintiff indicated in his grievances that he had sought an appointment with the Health Care Unit but did not receive a response, it should not have taken much effort by prison authorities to find out to whom Plaintiff had written. Moreover, Plaintiff's failure to name a particular person did not limit the usefulness of his grievances.[4] The responses to the grievances told Plaintiff when he was next scheduled to see the eye doctor. As such, the failure to name Defendant Martin did not hamper the prison's ability to address Plaintiff's concerns.

"Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the [prison authorities] and inviting corrective actions, and *defendants cannot rely on the failure to exhaust defense*." *Maddox*, 665 F.3d at 722 (emphasis added); *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005); *see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Ford*, 362 F.3d at 398 (if a prisoner's grievance is decided "without invoking a forfeiture doctrine, the [ARB] established that the prisoner exhausted his state remedies"). While the grievance did not name Defendant Martin, it provided a "brief summary" of

---

[3] Accordingly to Defendant Martin's declaration, submitted in support of his motion for summary judgment on the merits (Doc. 132), he states that he is not a medical doctor, has no control over medical treatment, and did not schedule patients for treatment; rather, he was responsible for ensuring that Wexford Health Sources, Inc. complied with the terms of its contract with the Illinois Department of Corrections (Doc. 132-2).

[4] While the prison itself may have had knowledge about who was responsible for scheduling patients, Defendant Martin has not established that Plaintiff should have known who that person was. Plaintiff only has alleged that he wrote letters directed to Defendant Martin seeking an appointment but that those letters were ignored.

Plaintiff's grievance and alerted the prison that Plaintiff needed a medical appointment for which he had not been scheduled. The prison took corrective action by notifying Plaintiff that he was placed on the list to see the optometrist. The grievance accordingly served its function.

Of course, none of the foregoing offers any opinion on the merits of Plaintiff's claim against Defendant Martin. That shall be addressed in the order on his motion for summary judgment on the merits.

**CONCLUSION**

For the reasons set forth above, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Phil Martin (Doc. 116) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 25, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**